IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ERIK W. :<br>:<br>v. :<br>: NO. 24-CV-3562  SWR<br>FRANK BISIGNANO, :<br>Commissioner of Social Security : | |

**O P I N I O N**

SCOTT W. REID    DATE:  May 19, 2025
UNITED STATES MAGISTRATE JUDGE

Erik W. brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB").  He has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that Erik W.'s Request for Review should be granted in part and the matter remanded for a full consideration by the ALJ of the opinions of Arlene Broska, Ph.D.

I.    *Factual and Procedural Background*

Erik W. was born on July 4, 1984.  Record at 250.  He completed high school.  Record at 284.  He worked in the past as a machine operator, in a smokehouse at a meat packing plant, and in outdoor maintenance.  Record at 285.  On February 17, 2021, he filed an application for DIB.  Record at 250.  He alleged disability since February 1, 2020, on the basis of narcolepsy, hypersomnia, related fatigue and memory issues, a thyroid disorder, migraines, and depression.  Record at 250, 283.

Erik W.'s application for benefits was denied on June 7, 2021.  Record at 114.  On August 9, 2021, it was denied again upon reconsideration.  Record at 116.  Erik W. then requested reconsideration *de novo* by an Administrative Law Judge ("ALJ").  Record at 138.

A hearing was held in this matter on June 2, 2022. Record at 65. At that time, however, Erik W. was sick with COVID, and had no representation, so the matter was postponed. Record at 71. On December 21, 2022, Erik W. appeared again without representation. Record at 75. The ALJ informed him that she could not grant him another postponement, and proceeded to take testimony from him and from a vocational expert. Record at 75-90. Ultimately, however, the ALJ decided she would need to obtain more recent medical records before reaching a decision, and told Erik W. she would schedule a third hearing when she had the records. Record at 91, 94. At the third hearing, which was held on August 1, 2023, Erik W. was represented by counsel. Record at 36. The ALJ permitted counsel to question Erik W., and then took testimony from a second vocational expert.

On October 4, 2023, however, the ALJ issued a written decision denying benefits. Record at 10. The Appeals Council denied Erik W.'s request for reconsideration on June 5, 2024, permitting the ALJ's decision to serve as the final decision of the Commissioner for Social Security. Record at 1. Erik W. then filed this action.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

The final two steps of the sequential evaluation then follow:

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.  *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ found that Erik W. suffered from the severe impairments of narcolepsy without cataplexy; migraine headaches; hypothyroidism; inadequate sleep hygiene; "primary snoring"; and a depressive disorder.  Record at 13.  She found that none of these impairments, and no combination of impairments, met or medically equaled a listed impairment.  *Id*.

The ALJ wrote:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. §404.1567(c), except never climb ladders, ropes, or scaffolds; he can have no exposure to hazards, such as unprotected heights and unprotected moving mechanical parts; he is further limited to performing work that needs little or no judgment to do simple duties that may be learned on the job in a short period of time; occasional contact with the public; the work should be as self-paced as possible, meaning any production requirements may be completed by the end of the workday or shift; and no more than moderate noise levels in the workplace.

Record at 15.

As to Erik W.'s mental impairments, the ALJ found that he had mild limitations in understanding, remembering or applying information, and in adapting or managing himself; and moderate limitations in both interacting with others and concentrating, persisting, or maintaining pace.  Record at 14.

Relying upon the testimony of the vocational expert who appeared at the third hearing, the ALJ concluded that Erik W. was not able to return to his prior work, but could work as a linen room attendant, or a janitor.[1]  Record at 22.  She decided, therefore, that he was not disabled.  Record at 22-23.

---

[1] The ALJ also wrote that Erik W. could be employed as a "day worker," which, considered in isolation, makes little sense, since the term refers to conditions of employment and not to specific duties.  The DOT section she cites, 301.687-104, however, is for "day worker (domestic service)", and specifies: "Performs any combination of the

In his Request for Review, Erik W. argues that the ALJ erred in failing to accept certain findings made by the consultative mental health examiner, Dr. Broska. He seeks reversal of her decision on this basis.

IV.  *Discussion*

Consulting mental health expert Arlene Broska, Ph.D., examined Erik W. on May 28, 2021. Record at 451. She described him as cooperative, with an adequate manner of relating, adequate social skills, and an adequate overall presentation. Record at 453. His thought processes were coherent and goal directed, with no evidence of hallucinations, delusion, or paranoia. Record at 454. His mood was "a little down" and a little anxious. *Id*.

Upon testing, Erik W. was fully oriented, and his level of intellectual functioning was average, but his attention and concentration were "mildly impaired." *Id*. His recent and remote memory were impaired. *Id*. However, he told Dr. Broska that he was able to cook once per week, do laundry once per week, and shop twice per week. Record at 455. He was able to watch TV, and go on social media, although not on his telephone, because that brought on migraines. *Id*.

Dr. Broska diagnosed Erik W. with major depressive disorder, mild, but with anxiety, and otherwise listed "medical diagnoses reported by the claimant." Record at 455. She indicated on a Medical Source Statement that Erik W. was only mildly limited in his ability to comprehend, carry out, and make judgments on simple instructions, but moderately limited in the ability to comprehend, carry out, and make judgments on complex instructions. Record at 457. He was moderately impaired in the ability to interact appropriately with co-workers, supervisors, or the public, and in the ability to respond appropriately to usual work situations and changes in

---

following domestic duties: Cleans and dusts furnishings, hallways, and lavatories. Changes and makes beds. Washes and irons clothing by hand or machine. Vacuums carpets, using vacuum cleaner."

routine. Record at 458. However, Dr. Broska also wrote: "Ability to concentrate, persist, maintain pace and ability to adapt or manage himself is markedly limited." *Id*. When asked to identify the factors supporting her assessment, she wrote: "Depression, anxiety, memory impairment." *Id*.

The ALJ set forth most of Dr. Broska's examination findings in her decision. Record at 17, 18. She also reported Dr. Broska's check-off findings on the Medical Source Statement, finding them partially persuasive:

> In May 2021, the consultative examiner, Arlene Broska, Ph.D., opined that the claimant has mild difficulty with understanding, remembering, and carrying out simple instructions, and making judgments on simple and complex work-related decisions; and moderate difficulty with understanding, remembering, and carrying out complex instructions, interacting with the public, supervisors, and co-workers, and responding appropriately to work situations and to changes in a routine work setting. The undersigned finds this opinion partially persuasive. The claimant's medical records reflect that in December 2020, the claimant admitted he stopped taking Cymbalta for depression that was prescribed in August 2019 after taking it for only two months; and in January 2021, the claimant reported that he was not taking any of his medications for any condition and his psychiatric examination reflected that he had normal thought content and judgment, orientation to person, place, and time, normal concentration and good knowledge.

Record at 18. She did not, however, mention the added, written-in, sentence finding marked limitations.

After again citing Dr. Broska's examination findings, the ALJ went on to write:

> The undersigned does not find that the claimant has moderate difficulty with responding appropriately to work situations and to changes in a routine work setting. The claimant reported that he is able to manage his personal care, cook, clean, do the laundry, use a computer, and shop. The claimant's treatment notes reflect that he has normal mood and affect. Moreover, the claimant testified that his wife works full-time and he cares for his children at home, including driving them to and from school as well as to the stores. The undersigned finds that the claimant has, at most, moderate limitations in this domain.

Record at 19. This passage is confusing, as it would appear to reject Dr. Broska's opinion that Erik W. had moderate limitations in favor of a finding that he had … moderate limitations.

Thus, Erik W.'s complaint about the ALJ's treatment of Dr. Broska's evidence is valid to the extent that her assessment was inadequate. She ignored the most limiting findings, and was unclear in her discussion of other findings.

Moreover, this is not a situation where remand is unnecessary because it would not affect the outcome of the case. *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005). It is possible to speculate that, since the ALJ found a moderate limitation in concentration, and a mild limitation in the ability to manage oneself, she would have rejected marked limitations based on the same evidence, i.e., Erik W.'s examination results and reported daily activities. However, this would be inappropriate guesswork. The ALJ might have weighed the evidence differently if she had recognized that the sole health care provider to submit a functional assessment of Erik W.'s non-exertional abilities found him to be markedly limited.

For that reason, I will direct that the case be remanded. Upon remand, the Commissioner should reopen and fully develop the record on the subject of the impact of Dr. Broska's evidence on the case as a whole, giving the parties an opportunity to be heard, at least *via* written submissions. *Thomas v. Commissioner of Soc. Sec.*, 625 F.3d 798 (3d Cir. 2010).

V.   *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be granted, and the matter remanded to the Agency for full and clear consideration of Dr. Broska's opinions in the context of the record as a whole.

BY THE COURT:

*/s/ Scott W. Reid*
_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE